UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROYCE LEONARD, ET AL.

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE, ET AL.

CIVIL ACTION

NUMBER 13-565-JJB-SCR

**NOTICE**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

 In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, January 17, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROYCE LEONARD, ET AL.

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE, ET AL.

CIVIL ACTION

NUMBER 13-565-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Plaintiffs' Motion to Remand. Record document number 24. The motion is opposed by removing defendants The Boeing Company, Cessna Aircraft Company, and Lockheed Martin Corporation (collectively "Airplane Defendants").[1]

For the reasons explained below, the motion should be denied.

**Background**

Plaintiffs filed a Petition for Damages in state court against numerous defendants, including the airplane defendants, seeking damages for injuries to plaintiff Royce Leonard caused by exposure to asbestos, including the development of mesothelioma.[2] With respect to the Airplane Defendants, the plaintiffs alleged that

---

[1] Record document numbers 37, 39, and 40, respectively. Plaintiffs filed a reply memorandum. Record document number 53. Defendant Cessna filed a sur-reply. Record document number 62.

[2] The original Petition for Damages was amended in the state court on June 29, 2013 to join the Airplane Defendants. Record document number 1-2, p. 2, First Amending Petition for Damages, ¶ 1.

Leonard was exposed to brakes, heat shields, insulation and material and other components containing asbestos which were used in various aircrafts built by the Airplane Defendants while serving as a pilot and instructor with the United States Air Force in 1956.[3]  Defendant Boeing removed the case to this court on August 27, 2013, alleging jurisdiction under 28 U.S.C. § 1442(a)(1), which provides a federal forum to the United States or its agencies and officers who are sued "for any act under color of such office."[4]  Plaintiffs moved to remand arguing that removal under the federal officer removal statute is not proper in this case.

Plaintiffs argued that the Airplane Defendants cannot satisfy their burden of demonstrating that federal officer removal was proper because they cannot establish a causal connection between the plaintiff's claims and the defendant's actions under color of federal office.  Specifically, the plaintiffs asserted that the Airplane Defendants failed to provide sufficient evidence showing that the U.S. government exercised the requisite "level of control regarding the implementation of asbestos into the aircraft manufactured."[5]  Plaintiffs argued that the Airplane Defendants have "failed to demonstrate the requisite nexus between the

---

[3] Record document number 1-2, Exhibit B, First Amending Petition for Damages, ¶¶ 21-28.

[4] Lockheed Martin and Cessna subsequently joined in Boeing's removal.  Record document numbers 2 and 22.

[5] Record document number 24-1, supporting memorandum, p. 5.

construction of its airplanes and the U.S. Government's direction and control."[6]

Airplane Defendants maintained that their removal under the federal officer statute was proper.  Airplane Defendants asserted that they were acting under the direction of the U.S. Air Force and have two colorable federal defenses to the plaintiffs' claims, namely federal government contractor immunity and derivative sovereign immunity.[7]  To establish a causal connection, the Airplane Defendants provided affidavits from their respective representatives to show that the airplanes at issue were designed and manufactured under the supervision of the government and/or according to detailed government specifications.  Airplane Defendants also argued that all warnings, labels, manuals, and markings for the airplanes were specified and controlled by the government.

In their reply memorandum, the plaintiffs raised several credibility issues regarding the evidence provided by the Airplane Defendants.  Plaintiffs also argued that the Airplane Defendants have not established the applicability of § 1442(a)(1) to their failure to warn claims because the Airplane Defendants did not establish that the U.S. government's direction and control

---

[6] *Id.*

[7] Because the record establishes a federal government contractor defense is sustainable, addressing derivative sovereign immunity is unnecessary.

restricted or interfered with the Airplane Defendants' duty to warn plaintiff Leonard of exposure to asbestos used in the aircrafts.

## Applicable Law

Section 1442(a)(1) provides for the removal of any action against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office."  The purpose of this removal statute is to protect the lawful activities of the federal government from undue state interference.  It allows suits to be removed despite the non-federal cast of the complaint, and reflects a congressional policy that federal officers and the federal government itself require the protection of a federal forum. Unlike the general removal provision, which is strictly construed in favor of remand, the unique purpose of federal officer removal calls for the statute to be liberally construed. *Willingham v. Morgan,* 395 U.S. 402, 406, 89 S.Ct. 1813 (1969); *Jefferson County v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069 (1999); *Watson v. Philip Morris Cos. Inc.,* 551 U.S. 142, 147-48*,* 127 S.Ct. 2301, 2305 (2007).

Under the statute, a government contractor seeking to remove a civil action under § 1442(a)(1) must show:  1) that it was a person acting under an officer of the United States or of an agency thereof; 2) that there was a causal connection/nexus between the

plaintiff's claims and the defendant's actions under color of federal office; and, 3) that it has a colorable defense under federal law. *Mesa v. California*, 489 U.S. 121, 124-34, 109 S.Ct. 959, 962-67 (1989); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-01 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034, 119 S.Ct. 1286 (1999)).

## **Analysis**

A review of the pleadings show that the plaintiffs have alleged both design defect and failure to warn claims. Plaintiffs did not dispute the existence of a failure to warn claim. Plaintiffs also alleged a design defect claim by asserting that the aircrafts manufactured by the Airplane Defendants contained asbestos, were unreasonably dangerous, and caused Leonard to develop mesothelioma.[8]

Consideration of the plaintiffs' claims, the Airplane Defendants' evidence in support of removal, and the applicable law supports a finding of federal jurisdiction under § 1442(a)(1). Plaintiffs did not contest that the Airplane Defendants were "persons" for purposes of § 1442(a)(1) or that the Airplane Defendants alleged a colorable defense. Instead, the plaintiffs relied on a lack of a causal connection between their claims and

---

[8] Record document number 1-2, Exhibit B, First Amending Petition for Damages, ¶¶ 21-29.

5

the Airplane Defendant's actions under color of a federal office.[9] Because the Airplane Defendants have established that the airplanes were manufactured under the direction of a federal officer and the existence of causal nexus between the plaintiffs' claims and their actions under the color of a federal office, federal officer removal is warranted.[10]

Airplane Defendants produced sufficient evidence to demonstrate the U.S. Government's direct and specific control of the design and manufacturing of the airplanes built by the Airplane Defendants. For example, defendant Cessna showed that the design of the T-37 was based on particular Air Force specifications and heavily controlled and modified by the Air Force.[11] Cessna provided evidence showing that it was contracted to build the T-37 for the Air Force according to the specified performance characteristics, materials, and component parts to be used, including parts

---

[9] Although the plaintiffs asserted in their reply memorandum that the Airplane Defendants do not have a colorable address, they never discussed the elements of the asserted defense or refuted the evidence produced by the Airplane Defendants in support of the defense. Thus, a colorable defense for purposes of § 1442(a)(1) was sufficiently demonstrated by the Airplane Defendants.

[10] The federal direction and causal nexus elements of federal officer removal overlap and can be considered together. *Winters*, 149 F.3d at 398-400.

[11] Record document number 39-1, Declaration of Oswald Mall, ¶¶ 8-20.

containing asbestos.[12]  Cessna used only government furnished and/or approved materials and component parts.[13]  Cessna showed the Air Force closely supervised and inspected the T-37 throughout the construction process to ensure that the aircrafts met the military's regulatory and contractual criteria.[14]  Cessna also could not alter the design, specifications or component parts of the T-37 without the authorization of the Air Force.[15]

Another example of government control and direction over the construction of certain aircraft at issue is evidenced in contract to build the T-33 which enumerated detailed specifications.[16]  The contracts also demonstrated that the government required the installation of Government Furnished Equipment ("GFE"), including brake assemblies, which were selected and procured by the government and supplied to the contractor.[17]  This evidence demonstrates that some, if not all, Airplane Defendants, acted under the direction of the Air Force and the existence of a causal nexus between the plaintiffs' design defect claim and the

---

[12] Record document number 39-2, Declaration of Harry Clements, ¶¶ 22, 25.

[13] *Id.* at ¶ 23.

[14] *Id.* at ¶¶ 21, 24 and 26.

[15] *Id.* at ¶ 20.

[16] Record document number 40-13, Exhibit E, Lockheed Martin Contract to Build the T-33 aircraft.

[17] *Id.*, Appendix C-1.

manufacturing of the aircrafts at issue performed under the Air Force's direction.[18]

Because the Airplane Defendants have satisfied their burden of establishing that removal is proper under § 1442(a)(1) as to the plaintiffs' design defect claim, the court has supplemental jurisdiction over any remaining claims under 28 U.S.C. § 1367(a).[19] However, the evidence supplied by the Airplane Defendants also demonstrates that manuals, written materials, warnings and markings on the airplanes were specified, and their design and construction was controlled, by the government.[20] Under the same analysis discussed above, a causal connection has sufficiently been demonstrated between the plaintiffs' failure to warn claim and the direction of the Air Force for purposes of federal officer removal.

Plaintiffs argument in against jurisdiction based on the failure of the evidence to specifically address the Airplane Defendants' duty to warn about asbestos is without merit. The cases relied on by the plaintiffs are not controlling and/or are

---

[18] It is unnecessary to address the plaintiffs' arguments concerning the credibility of various pieces of evidence provided by the Airplane Defendants because there is sufficient proof in the uncontested evidence to establish a causal connection.

[19] See, *Kluka v. Anco Insulations, Inc.*, 2008 WL 2444517 (M.D.La. April 28, 2008), citing, *McFarlain v. Northrop Grumman Systems Corp.*, CV 05-1406-JJB-SCR, pp. 10-13.

[20] Record document numbers 39-1, Exhibit A, Declaration of Oswald Mall, ¶ 27, and record document number 39-2, Exhibit B, Declaration of Harry Clements, ¶ 25.

distinguishable.[21]  Plaintiffs' claims against the Airplane Defendants for failure to provide a safe workplace are inapplicable since none of the Airplane Defendants were alleged to be Leonard's employer at any time.

## Conclusion

Based on the plaintiffs' design defect and failure to warn allegations against the Airplane Defendants, they have satisfied their burden of establishing that removal is proper under § 1442(a)(1).  With regard to the remaining claims alleged by the plaintiffs, the court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over them.[22]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiffs' Motion to Remand be denied.

Baton Rouge, Louisiana, January 17, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[21] *Gauthe v. Asbestos Corp.*, 1997 WL 3255 (E.D.La. Jan. 2, 1997) is distinguishable because the case involved a defendant employer who allegedly failed to provide job site safety. *Holdren v. Buffalo Pumps, Inc.*, 614 F.Supp.2d 129, 137 (D.Mass. 2009) is a district court case from outside of the Fifth Circuit.

[22] See, *Kluka v. Anco Insulations, Inc.*, 2008 WL 2444517 (M.D.La. April 28, 2008), citing, *McFarlain v. Northrop Grumman Systems Corp.*, CV 05-1406-JJB-SCR, pp. 10-13.