UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROYCE LEONARD, ET AL

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURE AND MECHANICAL
COLLEGE, ET AL

CIVIL ACTION

NO. 13-565-JJB-SCR

## RULING ON UNION PACIFIC RAILROAD COMPANY'S RE-URGED MOTION TO DISMISS

This matter is before the Court on a Re-Urged Motion (doc. 76) to Dismiss brought by Defendant, Union Pacific Railroad Company ("Union Pacific"). Plaintiffs, Royce and Beverly Leonard, have filed an opposition (doc. 81), to which Union Pacific has filed a reply (doc. 95). Oral argument is unnecessary. For the reasons stated herein, Union Pacific's Re-Urged Motion (doc. 76) to Dismiss is GRANTED.

### I. Background

Royce and Beverly Leonard bring this suit against multiple defendants alleging that Royce Leonard ("Leonard") was injured as a result of his exposure to products containing asbestos. The present motion concerns Leonard's exposure to products containing asbestos during his time working as a tally man in the shipyards along the Mississippi River banks in Baton Rouge, Louisiana. During this time, Leonard was employed by the City-Parish of Baton Rouge and/or the Greater Baton Rouge Port Commission. (First Amending Petition, at ¶ 18). As a tally man, Leonard boarded railcars to inspect, count, tally, and verify cargo that was placed, or to be placed, in the railcars. (First Amending Petition, at ¶ 17). Leonard alleges that these railcars contained products and cargo containing asbestos. (First Amending Petition, at ¶ 18). The railcars Leonard boarded were owned or under the custody or control of the Texas and

1

Pacific Railway and/or the Missouri Pacific Railroad, which are now Union Pacific. (First Amending Petition, at¶ 19).

Plaintiffs now seek to impose liability upon Union Pacific alleging that it "failed to act reasonable to protect the public, including Petitioner, from coming into contact with asbestos on its trains and their cars and components." (First Amending Petition, at¶ 19). Additionally, Plaintiffs seek to impose liability upon Union Pacific for failure to warn Leonard of the dangers associated with working with or around products containing asbestos. (First Amending Petition, at¶ 43). Plaintiffs conclude that Union Pacific's failures resulted in Leonard's exposure to asbestos, which led to his development of mesothelioma. (First Amending Petition, at¶ 42).

## II. Discussion

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When reviewing the complaint, a court must accept all well-pleaded factual allegations as true. *C.C. Port. Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Facts must be viewed in the light most favorable to the non-movant. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012)In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court need not determine at this preliminary stage whether the plaintiff's claims will ultimately succeed on the merits. *Id.* at 556. Instead, a court must identify the factual allegations entitled to the presumption of truth and determine whether they state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Union Pacific asserts that Plaintiffs' claims against it fail as a matter of law. Union Pacific argues that as an interstate carrier, it owed no duty to protect Leonard from hazardous

cargo. Instead, Union Pacific argues that it was only charged with inspecting its railcars to ensure that the railcars could safely transport its contents from point to point. Union Pacific contends in the alternative, that Plaintiffs' state common law tort claims are preempted by federal law. Plaintiffs argue in response that Union Pacific owed Leonard and his employer a duty to warn them of its railcars' hazardous contents. Plaintiffs further argue that federal law does not preempt his state common law tort claims.

After reviewing the parties' arguments and the case law submitted in support thereof, the Court finds that Union Pacific did not owe Leonard a legal duty. Union Pacific has adduced an abundance of both binding and persuasive precedent to support its contention that it only had a duty to inspect the exterior of its railcars to ensure that they were reasonably safe for use. *See Motion to Dismiss*, Doc. 76-1, at 5-10 (citing several supportive cases therein). Indeed, the general rule in Louisiana has long been that,

> It is the duty of the owners of cars to examine them carefully with the view of seeing that they are safe in all their parts. It is also the duty of a railroad company which receives cars from another company to inspect the same with the view of ascertaining their condition....It seems to be a rule very generally followed by the reported cases that...the carrier will be liable for any personal injuries resulting to any one whose connection with the shipment causes him to be on the car, which injuries are caused by the defective condition of the car, where such a condition could have been discovered by a reasonable inspection.

*Jacob v. Illinois Cent. R. Co.*, 63 So.306, 308-309 (La. 1913); *see also Davenport et al v. Loket Sanders Paper Co.*, 287 So.2d 601 (La. App. 2d Cir. 1973) (discussing subsequent cases applying the general rule announced in *Jacobs*). Leonard has not produced, nor has the Court been able to find, any case law which imposes a legal duty upon a railroad carrier under the facts herein presented. Therefore, for this reason and reasons further expounded upon in Union Pacific's brief, the Court finds that Union Pacific did not owe Leonard a legal duty and thus, the

tort claims asserted against Union Pacific fail as a matter of law. Accordingly, Plaintiffs' claims against Union Pacific are dismissed.[1]

Given that it has found that Union Pacific did not owe Leonard a legal duty, the Court will not address the parties' arguments concerning federal preemption.

**III. Conclusion**

For the reasons stated herein, Union Pacific's Re-Urged Motion (doc. 76) to Dismiss is GRANTED. All claims asserted against Union Pacific are DISMISSED.

Signed in Baton Rouge, Louisiana on May 27th, 2014.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Seemingly out of an abundance of caution, Union Pacific addressed and contested any claims that Plaintiffs may have asserted under a strict liability theory. Plaintiffs did not argue the merits of any strict liability claim in their opposition. Therefore, in the event that one was asserted, Plaintiffs have abandoned any claim against Union Pacific under a strict liability theory.