UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROYCE LEONARD, ET AL

VERSUS

BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY
AGRICULTURAL & MECHANICAL
COLLEGE, ET AL

CIVIL ACTION

NUMBER 13-565-JJB-SCR


**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is the Plaintiff's Motion to Compel Discovery Responses and for Attorney's Fees Directed to Defendant Lockheed Martin Corporation. Record document number 132. The motion is opposed.[1]

All of the parties' memoranda, arguments and exhibits have been considered, although not all of them are specifically addressed in this ruling.

This motion is denied essentially for the reasons stated in the defendant Lockheed Martin's opposition memoranda. Defendant objected to the plaintiffs' discovery requests, in part, as overbroad, unreasonably burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because the "plaintiffs have provided no information or documents regarding alleged exposure(s) ... to/or the alleged product(s), if any, for

_____

[1] Record document number 141. Plaintiffs filed a reply memorandum. Record document number 150. Defendant filed a surreply memorandum. Record document number 151.

which plaintiffs contend Lockheed Martin may be responsible." Defendant argued that without some factual basis to conclude that the decedent, Royce Leonard, was actually exposed to an asbestos-containing component of an aircraft it manufactured, the plaintiffs' discovery requests are nothing more than a classic fishing expedition.

The deadline for the parties to complete their fact discovery was August 29, 2014.[2] At least by then, the plaintiffs should have some **evidence** of the decedent's exposure to an asbestos-containing component in one of the defendant's aircraft, or at least his exposure to a component for which they have a reasonable factual basis to believe contained asbestos. Given the defendant's objection, the plaintiffs would be expected to come forward with such evidence. But no such evidence is mentioned in the plaintiffs' motion or supporting memoranda. Absent such evidence, the plaintiffs' argument that the information sought is relevant to their claims and/or will lead to the discovery of admissible evidence is factually unsupported and wholly unpersuasive.

Plaintiffs alleged in their First Amending Petition for Damages that Royce Leonard served in the U.S. Air Force as a pilot and training officer, and that he flew the AT-6, T-28, T-33, T-34, F-80/P-80, T-37 and B-25 aircraft. Plaintiffs alleged, "[u]pon

---

[2] Record document number 69, Scheduling Order, p. 1, item A. The case was removed to this court on August 27, 2013, but Royce Leonard was not deposed before he died on February 9, 2014.

information and belief," that the T-33 and F-80/P-80 were manufactured by defendant Lockheed Martin and "contained asbestos components that led to his exposure to asbestos and ultimately the development of Mesothelioma." But the plaintiffs did not allege the actual facts which support their belief. Nor have the plaintiffs since come forward with the information they alleged they already have, or any other facts, to support the allegation that serving as a flight officer and T-33 and F-80/P-80 pilot exposed Royce Leonard to asbestos. Review of the plaintiffs' discovery responses, particularly Beverly Leonard's answers and objections to the defendant's interrogatories (which were neither signed nor verified by her and therefore do not comply with Rule 33(b), Fed.R.Civ.P.), and their August 29, 2014 supplemental Rule 26(a) disclosures, support the conclusion that they have no factual basis for their claim against defendant Lockheed Martin. Plaintiffs are essentially asking the court to approve overbroad discovery, and hoping that something will turn up to support their claim against defendant Lockheed Martin.

Defendant also argued that the plaintiffs' failed to sufficiently comply with the requirement of Rule 37(a)(1) to confer in an effort to obtain the discovery without court action. The communications between counsel for the plaintiffs and for defendant Lockheed Martin, along with the September 10, 2014 affidavit of

counsel for the defendant,[3] do not support finding that there was a good faith effort to resolve this dispute without court action. Rather, it appears that the plaintiffs felt sure enough about their position that they were going to file a motion to compel discovery unless they got what they wanted from the defendant.[4]

Accordingly, the Plaintiff's Motion to Compel Discovery Responses and for Attorney's Fees Directed to Defendant Lockheed Martin Corporation is denied.

Baton Rouge, Louisiana, September 17, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] Record document number 141-1.

[4] See record document number 144-5, August 14, 2014 letter from counsel for the plaintiffs to counsel for defendant.